# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| EDWIN RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY S. STEWART,<br><br>Respondent. | Civil Action No. TDC-18-3333 |

## MEMORANDUM ORDER

Edwin Rodriguez, an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), has filed a self-represented Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in which he challenges his sentencing enhancement as a career offender under the United States Sentencing Guidelines. Rodriguez seeks the issuance of a new Pre-Sentence Investigation Report correcting and re-calculating his guideline range to reflect that he is not a "career offender." Pet. at 10, ECF No. 1.

In opposing the Petition, Respondent Warden Timothy Stewart argues, among other grounds, that Rodriguez may not obtain relief through a petition under 28 U.S.C. § 2241 because he has not demonstrated that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (2018). Rodriguez has filed a Reply. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For reasons set forth below, the Petition will be DISMISSED.

## BACKGROUND

The material facts of the case are not in dispute. On May 16, 1996, after a jury trial in the United States District Court for the Eastern District of Pennsylvania, Rodriguez was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. *United States v. Rodriguez*, No. 94-CR-0192-WB-10 (E.D. Pa. 1994). On November 20, 1997, Rodriguez was sentenced to a total term of imprisonment of 360 months followed by ten years of supervised release. Rodriguez's sentence was based on the sentencing court's determination that he was a career offender pursuant to the then-mandatory United States Sentencing Guidelines, U.S.S.G. § 4B1.1(a), by virtue of his 1987 Pennsylvania state conviction for involuntary manslaughter, and his 1987 conviction in the United States District Court for the Eastern District of Pennsylvania ("Eastern District of Pennsylvania") for distribution of cocaine. Rodriguez's direct appeal was denied by the United States Court of Appeals for the Third Circuit.

On November 3, 1999, Rodriguez filed his first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which was denied by the Eastern District of Pennsylvania. On November 22, 2002, the Third Circuit denied Rodriguez's request for a certificate of appealability.

On May 8, 2003, Rodriguez filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking reconsideration of the denial of his § 2255 motion. The motion was denied. On appeal, the Rule 60(b) motion was construed as a second or successive § 2255 motion and, after a limited remand, the motion was denied. Rodriguez's subsequent application to file a second or successive § 2255 motion was also denied by the Third Circuit.

On June 16, 2008, Rodriguez filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) on the ground that the United States Sentencing Guidelines were no longer mandatory pursuant to *United States v. Booker*, 543 U.S. 220, 265 (2005). The Eastern District of

Pennsylvania dismissed the motion as an improper second or successive § 2255 motion. The Third Circuit affirmed the district court's dismissal and denied a certificate of appealability. Rodriguez next filed a Petition for Writ of Audita Querela, again arguing he was entitled to resentencing. The district court's denial of the petition was affirmed by the Third Circuit.

On October 23, 2013 and May 20, 2014, Rodriguez filed with the Third Circuit applications for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3). The applications were denied.

Next, on July 8, 2014, Rodriguez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, alleging that his Pennsylvania state conviction for involuntary manslaughter no longer qualifies as a "crime of violence" in light of *Begay v. United States*, 553 U.S. 137 (2008), *abrogated by Johnson v. United States*, 135 S. Ct. 2551 (2015). The petition was dismissed on August 14, 2014.

On June 16, 2016, Rodriguez filed in the Eastern District of Pennsylvania another Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, alleging that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior Pennsylvania conviction for involuntary manslaughter was no longer a crime of violence for purposes of the career offender enhancement under U.S.S.G. § 4B1.1. On November 17, 2017, the Third Circuit granted Rodriguez leave to file a second or successive § 2255 motion. The Eastern District of Pennsylvania stayed the motion pending the resolution of *United States v. Green*, 898 F. 3d 315 (3d Cir. 2018). Upon the resolution of *Green*, the federal public defender determined that Rodriguez was not entitled to relief and withdrew his § 2255 motion in April 2019.

While that § 2255 motion was pending, on October 26, 2018, Rodriguez filed the instant Petition in this Court pursuant to 28 U.S.C. § 2241. In the Petition, Rodriguez again argues that

3

he should be resentenced because in light of *Johnson*, his state conviction for involuntary manslaughter no longer qualifies as a predicate offense for purposes of the career offender enhancement that was applied against him at the time of his sentencing.

## DISCUSSION

Respondents argue that the Petition should be dismissed because the requested relief must be sought through a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A § 2241 petition may be filed to attack the manner in which a sentence is executed. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). Such a petition must be filed in the district in which the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a). A collateral attack on the validity of a federal conviction or sentence, however, is properly brought through a § 2255 motion. 28 U.S.C. § 2255(a). Notably, a § 2255 motion must be filed in the district in which the sentence was imposed, in this case, the Eastern District of Pennsylvania. *Id.*

Here, where Rodriguez challenges the validity of his sentence, a § 2255 motion is the proper means by which to seek relief. However, under 28 U.S.C. § 2255(e), commonly referred to as the "savings clause," an individual may file a § 2241 petition asserting claims ordinarily restricted to the realm of § 2255 where a § 2255 petition "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petition brought pursuant to § 2255 is inadequate to test the legality of a sentence when: (1) at the time of sentencing, settled law of the relevant circuit or the United States Supreme Court established the legality of the sentence; (2) after the prisoner's direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to the

4

retroactive change in the law, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Rodriguez has not satisfied the criteria set forth in *Wheeler* to demonstrate that a § 2255 motion is an inadequate or ineffective remedy. In particular, the third prong has not been met. Although Rodriguez filed several unsuccessful applications for leave to file a second or successive § 2255 motion, the Third Circuit granted his most recent application on the grounds that his claim is based on *Johnson,* which established "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *In re Rodriguez*, No. 16-2597 (E.D. Pa. Nov. 1, 2017). Rodriguez was thus permitted to file a successive § 2255 motion on the specific issue asserted in the Petition, that his state conviction for involuntary manslaughter is not a crime of violence and thus not a predicate offense for the career offender enhancement. Accordingly, he has not shown that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Wheeler*, 886 F.3d at 429. The fact that he was not able to secure relief through that motion, which was resolved when his attorney withdrew the motion after *United States v. Green*, 898 F.3d 315, 320-23 (3d Cir. 2018) effectively foreclosed relief, does not alter that conclusion. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

Because this Order is a final order adverse to the applicant, Rodriguez must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v.*

5

*McDaniel*, 529 U.S. 473, 484 (2000). Because the Court finds that Rodriguez has not made the requisite showing under the applicable standards, the Court declines to issue a certificate of appealability. Rodriguez may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus is DISMISSED.

2. The Court DECLINES to issues a certificate of appealability.

3. The Clerk shall MAIL a copy of this Order to Rodriguez.

4. The Clerk shall CLOSE this case.

Date: November 8, 2019

THEODORE D. CHUANG
United States District Judge